IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TERRENCE M. BROWN | § | |
|     Petitioner, | § | |
| V. | § | |
| | § | |
| CHERON NASH, WARDEN F.C.I. BASTROP, AND LORETTA LYNCH, ATTORNEY GENERAL, U.S.A., | § § § | A-15-CV-0689-RP-ML |
|     Respondents. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Terrence Brown's Petition for Writ of Habeas Corpus [Dkt. #1], Motion for Preliminary Injunction [Dkt. #5], Motion to Expedite [Dkt. #8], and Motion for Judicial Economy [Dkt. #9]. This case has been referred to the undersigned by United States District Judge Robert Pitman for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

### I.    BACKGROUND

Individually and on behalf of a putative class of all federal inmates within the jurisdiction of the District Court, Petitioner Terrence M. Brown ("Brown") seeks relief from a policy of the Federal Bureau of Prisons ("BOP"). Pet. [Dkt. #1] at 1. Brown challenges the BOP's calculation of "good conduct time" pursuant to 18 U.S.C. § 3624(b) and *Barber v. Thomas*, 560

1

U.S. 474 (2010). Specifically, Petitioner seeks to require the BOP to calculate good time based on "the sentence imposed" instead of on "the time served." Suppl. to Pet. [Dkt. #4] at 11.

Petitioner alleges he has attempted to exhaust administrative remedies regarding this claim, but exhaustion is "patently futile" as a result of the BOP's unwritten policy of refusing to respond to the lowest level of the grievance process, a prerequisite for progressing through the administrative process. *Id*. at 2 and Ex. A. Petitioner alleges he has twice filed Inmate Requests to Staff on the issue he seeks to challenge before this Court, and has yet to receive any response to his administrative requests, despite multiple attempts to follow up with prison officials. *Id*. at 2-4 and Ex. B, Ex. C.   Therefore, Petitioner contends, the Court should find that he has satisfied the exhaustion requirement or, in the alternative, shown that the administrative process can afford him no relief. *Id.*

Regarding the substantive merits of his position, Petitioner acknowledges the 2010 Supreme Court decision in *Barber v. Thomas* expressly held the BOP's method for calculating good time credit is a reasonable and lawful reading of this statute. 560 U.S. 474, 488-89 (2010). Petitioner nevertheless contends that the "recently introduced SAFE Justice Act" indicates Congressional intent to abrogate *Barber* insofar as that decision authorizes the calculation of good time credits based on time served. Pet. [Dkt. #1] at 8-9.

The SAFE Justice Act is a bill, not a statute. H.R. 2944, introduced June 25, 2015. At present, the bill has not been reported out of committee, and may never become law. Furthermore, Petitioner concedes that, as of November, 2015, "the language in the SAFE Justice Act that sought to resolve the issue presented in his § 2241 Motion has now been ignored in later Acts from Congress that strive to overhaul the Federal Criminal Justice System." Mot. Jud. Econ. [Dkt. #9] at 2. Petitioner nevertheless argues that "federal inmates should not languish in

prison awaiting the acts of Congress in a climate where Congress has failed to act over recent years on much greater issues than letting evildoers out of their prison cells early." *Id.* at 9. Therefore, he seeks class relief for the "federal inmate population" housed within the District Court's jurisdiction. Suppl. to Pet. [Dkt. #4] at 11.

Alternatively, Petitioner seeks injunctive relief ordering the BOP to recalculate his individual sentence "based on the sentence imposed rather than the moving target of the time he will serve." *Id.* Petitioner has previously challenged the calculation of his individual sentence in *Brown v. Hemingway*, 53 F. App'x 338 (6th Cir. 2002). In this prior §2241 petition, Petitioner raised the same "sentence imposed" versus "time served" argument on which he now relies. *Id.* The Sixth Circuit rejected Brown's petition, finding "the Bureau's interpretation is reasonable in light of the statutory language" as applied to Brown's particular sentence. *Id.* at 339.

## II. STANDARD OF REVIEW

Upon receipt of a writ of habeas corpus, a court must conduct an initial review to determine whether it has merit before directing the respondent to show cause why the writ should not be granted. 28 U.S.C. § 2243. A habeas petition brought pursuant to 28 U.S.C. § 2241 "is considered to be abusive if it raises 'the same legal issue' addressed and resolved in a prior filing." *Rich v. Tamez*, 489 F. App'x. 754 (5th Cir. 2012) (citing *United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir. 1994); *Williams v. Tamez*, 466 F. App'x 326, 327 (5th Cir. 2012)). A successive § 2241 petition raising the same legal issue adjudicated in a prior filing is an abuse of the writ under 28 U.S.C. § 2244(a). *Tubwell*, 37 F.3d at 178. Therefore, such a petition should be dismissed as frivolous. *Williams,* 466 F. App'x at 327.

### III.  ANALYSIS

Assuming, *arguendo*, that Brown has exhausted the administrative procedures available to him, the Magistrate Court finds his habeas petition should be dismissed as frivolous pursuant to 28 U.S.C. § 2244(a).  It is beyond dispute that Brown previously raised the same legal issue that is now before the Court in his prior § 2241 petition before the Sixth Circuit.  *Brown v. Hemingway*, 53 F. App'x at 339.  Brown has pointed to no change in legal authority or factual circumstance that would render this claim distinct from his prior §2241 challenge to the calculation of his good time credits.  The fact that Brown was subsequently relocated to the jurisdiction of the Western District of Texas does not add to or otherwise change the merits of his petition, which have already been adjudicated.  *See Stanko v. Davis*, 617 F.3d 1262, 1269-72 (10th Cir. 2010) (petitioner's § 2241 challenge to the computation of his sentence was abusive because he had brought a substantively similar petition challenging the computation of the same sentence while incarcerated within the jurisdiction of the Eighth Circuit).  Similarly, the fact that Brown now purports to bring his sentence-computation challenge on behalf of a class of inmates, instead of solely in his own right, does nothing to alter the fact that "the legal issue remains the same as the issue raised" in his prior § 2241 petition.  *Tubwell*, 37 F.3d at 178.  The undersigned cannot credit Brown's argument that the proposed SAFE Justice Act—an unfinalized bill that admittedly conflicts with the language of other proposed laws on the same issue—somehow abrogates both the Supreme Court's binding precedent approving the calculation of good time credits, *Barber v. Thomas*, 560 U.S. 474 (2010), and the Sixth Circuit's final judgment concerning the proper calculation of good time credits with respect to Brown's particular sentence.  *Brown v. Hemingway*, 53 F. App'x at 339.

The "abuse of the writ" doctrine exists to "empower[] federal courts to control the potentially endless successive petitions attacking the conviction after an initial denial of habeas relief." *Griggs v. United States*, 253 F. App'x 405, 410 n. 6 (5th Cir. 2007). Brown has not pointed to any salient change in the facts or governing legal authority that would take his repetitive claim out of the reach of this gate-keeping doctrine. *See In re Cain*, 137 F.3d 234, 236-37 (5th Cir. 1998) (explaining the difference between viable multiple habeas claims and barred successive claims). A petition "is not . . . successive simply because it follows another petition" if it raises separate claims for relief regarding the administration of a sentence. *Id.* By the same token, however, a petition that raises a claim that "was or could have been raised in an earlier petition" is barred as successive by § 2244. *In re Cain*, 137 F.3d at 236-37. Because Brown's § 2241 claim has already been adjudicated, and his legal argument is further foreclosed by Supreme Court precedent, his successive §2241 petition should be dismissed as an abuse of the writ pursuant to 28 U.S.C. § 2244(a). *Tubwell*, 37 F.3d at 178.

Brown's related Motion for Preliminary Injunction [Dkt. #5], Motion to Expedite [Dkt. #8], and Motion for Judicial Economy [Dkt. #9] are all founded on the same challenge to the BOP's method of calculating good time credits. Each of these motions seeks to expedite consideration of Brown's challenge and urges the certification of a class and the grant of class-wide relief. These motions are without merit: Not only is Brown's individual claim barred as an abuse of the writ, but the legal argument he seeks to advance on behalf of a putative class has been squarely rejected by the United States Supreme Court. *Barber v. Thomas*, 560 U.S. 474 (2010). In these circumstances, no preliminary injunction, class certification, or other relief could be appropriate. Therefore, the Motion for Preliminary Injunction [Dkt. #5], Motion to Expedite [Dkt. #8], and Motion for Judicial Economy [Dkt. #9] should be denied.

**IV.     RECOMMENDATIONS**

For the reasons outlined above, the Magistrate Court RECOMMENDS the District Court DISMISS Terrence Brown's Petition for Writ of Habeas Corpus [Dkt. #1] WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 2244(a).

The Magistrate Court further RECOMMENDS the District Court DENY Brown's related Motion for Preliminary Injunction [Dkt. #5], Motion to Expedite [Dkt. #8], and Motion for Judicial Economy [Dkt. #9].

The Magistrate Court hereby WARNS Petitioner that multiple frivolous filings may result in sanctions, including an injunction barring the filing of further complaints without leave of court.

**V.     OBJECTIONS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106

S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED December 2, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE